IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERNARD GARRETT and | § | |
| WILLIE PRATT, | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 4:15-cv-02375 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| CITY OF HOUSTON, | § | |
| *Defendant.* | § | |

**DOW GOLUB REMELS & BEVERLY, LLP'S MOTION
TO WITHDRAW AS COUNSEL AND TO AMEND SCHEDULING ORDER**

Dow Golub Remels & Beverly, LLP (including Andrew S. Golub and Stephanie A. Hamm), now move to withdraw as counsel in this matter for Plaintiffs Bernard Garrett and Willie Pratt, and also to amend the Scheduling Order. In support, Dow Golub states as follows.

1.       The Plaintiffs in this case are represented by Andrew S. Golub and Stephanie A. Hamm of Dow Golub Remels & Beverly, LLP. The lawsuit was filed in August of 2015, and set by the Court at the November 24, 2015 scheduling conference for a fairly expedited schedule. Docket Entry Nos. 1 and 18. Discovery is nearly concluded (with two Rule 30(b)(6) depositions left to conduct, by agreement, after the discovery cutoff)[1]. No motions are pending. There is a dispositive motion cutoff of April 29, 2016, which the undersigned also asks the Court to extend to avoid prejudice to the Plaintiffs.

2.       An irreconcilable conflict between the Plaintiffs and counsel has arisen that, in the view of the undersigned counsel, constitutes good cause for counsel to withdraw from continuing to represent the Plaintiffs in this matter. The undersigned has also concluded that there exists good

---

[1]These depositions were to be conducted last week and this week, but were put off to allow for the submission of this motion.

cause for withdrawal under the terms of Plaintiffs' fee agreement with Dow Golub.

3.      Counsel cannot say more about the precise nature of the conflict without running the risk of disclosing privileged communications or inadvertently creating some prejudice against them.   The conflict does not have to do with financial obligations under the Plaintiffs' fee agreement with Dow Golub, however.

4.      In the undersigned's nearly 25 years of practice, he can recall just one other case in which he requested leave to withdraw from a representation.  Put simply, this motion has not been submitted lightly and would not have been submitted if counsel did not deem it necessary.

5.      Counsel acknowledges that to avoid prejudicing the Plaintiffs, the granting of this motion will require some adjustment of the case's schedule.  However, there need not be any undue delay.  As noted above, this case has not even been pending for eight months at this writing, and there are no dispositive or other motions pending.  Rule 30(b)(6) depositions of two entities remain to be taken.  Further, and also as noted, there exist grounds to terminate the representation under the terms of Plaintiffs' fee agreement with the undersigned's law firm.  It would certainly create a financial hardship for counsel to be required to continue investing time in this contingent-fee matter when the Plaintiffs have agreed contractually that counsel should be permitted to withdraw.

6.      Nor will there will be prejudice to the Defendant which, as the Court may recall, originally proposed an extremely protracted schedule for this case.  See Docket Entry No. 15, p. 4 (suggesting a discovery cutoff in May 2017).  Further, the City does not oppose the relief requested in this motion.

7.      Finally, permitting counsel's withdrawal will serve the interests of justice as the Plaintiffs deserve to have a representation not impacted by the issue that has arisen.

2

8.　　Accordingly, the undersigned counsel respectfully requests that the Court i) allow Dow Golub to withdraw from this case; ii) afford the Plaintiffs sufficient time (a minimum of 60 days) to retain other counsel, iii) to reset the dispositive motions cutoff to a date at least thirty days thereafter; and iv) reset the docket call, as well.

9.　　This motion, and these requests, are not being filed for any dilatory reason, but only so that justice may be done. There exists good reason for counsel to withdraw, but it is also important that the Plaintiffs not be prejudiced because the issue triggering this motion arose so close to the existing motions cutoff.

10.　　On April 11, 2016, counsel informed the Plaintiffs of their intent to move for leave to withdraw and requested their consent. There have been additional written and verbal communications with them, both last week and this week. But at this time the Plaintiffs have not given their consent, and nor have they indicated whether they intend to consent. While it is possible that consent will yet be given, at this time the undersigned assumes that the Plaintiffs oppose the request.

11.　　The Plaintiffs have also been informed of all pending deadlines. In the event the Court grants this motion, the Plaintiffs may be contacted via the addresses, phone numbers, and email addresses stated in Exhibit A, which is being filed separately under seal in order to comply with the Court's General Order regarding personal identifying information.

12.　　Finally, Dow Golub Remels & Beverly requests expedited consideration of this motion inasmuch as the current dispositive motion cutoff is April 29, 2016.

13.　　A proposed Order is attached.

Respectfully submitted,

DOW GOLUB REMELS & BEVERLY, LLP

s/ Andrew S. Golub
Andrew S. Golub
S.D. Tex. No. 13812
Texas Bar No. 08114950
asgolub@dowgolub.com
Stephanie A. Hamm
S.D. Tex. No. 108779
Texas Bar No. 24069841
sahamm@dowgolub.com
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I have conferred with counsel for the City of Houston and am advised that the City does not oppose the relief requested herein.  I have also requested that the Plaintiffs, Willie Pratt and Bernard Garrett, provide their consent to the withdrawal.  Their consent has not been given at this time.

s/ Andrew S. Golub
Andrew S. Golub

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 20, 2016, I served a true and correct copy of the foregoing document via the means indicated:

Nirja S. Aiyer                                    *Via ECF filing system*
Connica Lemond
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
*Attorneys for Defendant*

Bernard Garrett, Plaintiff                  *Via email and First Class Mail*
[address on Ex. A filed under seal]

Willie Pratt, Plaintiff                          *Via email and First Class Mail*
[address on Ex. A filed under seal]

s/ Andrew S. Golub
Andrew S. Golub